IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Adam Fick, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | Case No. 20 CV 50070 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Brandon Parker, The City of Belvidere, | ) | |
| | ) | |
|     *Defendants*. | ) | |

### MEMORANDUM OPINION AND ORDER

    Defendants Brandon Parker and the City of Belvidere[1] moved to stay discovery until completion of Plaintiff's criminal case. Dkt. 27. Plaintiff Adam Fick filed a response, Dkt. 31, and Defendants filed a reply, Dkt. 34. For the following reasons, Defendants' motion to stay discovery is granted.

### I. BACKGROUND

    Plaintiff's complaint alleges that, on December 23, 2018, Defendant Parker executed a traffic stop on a vehicle in which Plaintiff was a passenger. Plaintiff was purportedly removed from the vehicle for a K9 sniff. Plaintiff states that Defendant Parker allegedly located a grinder and cannabis in the back seat of the vehicle and wrote Plaintiff a citation. Defendant Parker demanded that Plaintiff identify himself, and Plaintiff refused. Defendant Parker then informed Plaintiff he was under arrest and, in attempting to effect that arrest, allegedly employed excessive, unnecessary, and unreasonable force which resulted in numerous injuries to Plaintiff.

    According to public record, Plaintiff was charged with possession of drug paraphernalia and two counts of resisting a police officer in 2019. His criminal trial is currently set for October 21, 2020. Plaintiff brought this civil action on February 18, 2020 against Defendants Parker and the City of Belvidere, alleging that Officer Parker subjected him to a seizure without lawful justification and employed excessive force in violation of his Fourth and Fourteenth Amendment rights. Defendants now move to stay discovery in this civil proceeding until completion of Plaintiff's criminal case. No discovery has occurred to date.

### II. DISCUSSION

---

[1] Plaintiff only names the City of Belvidere based on its liability under 745 ILCS 10/9-102 to pay any judgment or settlement for which Defendant Parker is liable based on actions taken while acting within the scope of his employment by the City. Plaintiff's Response to Partial Motion to Dismiss at 1-2, Dkt. 21.

1

In support of their motion, Defendants first argue that the Court should stay discovery because allowing discovery to proceed while a criminal matter is pending raises concerns under *Heck v. Humphrey*, 512 U.S. 477 (1994). See Defendants' Motion at 1-2, Dkt. 27; Defendants' Reply at 2, Dkt. 34. *Heck* holds that a plaintiff seeking to recover damages in a Section 1983 action for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ for habeas corpus." *Heck*, 512 U.S. at 486-87. Absent this showing, the Section 1983 claim is not cognizable, and would be subject to dismissal. *Id.* at 487. As such, *Heck* applies specifically to the effect of a civil case on a conviction or sentence, not to a pending criminal case. *Heck*, 512 U.S. at 486-87. *See also McDonough v. Smith*, 139 S. Ct. 2149, 2156-57 (2019); *VanGilder v. Baker*, 435 F.3d 689, 691-92 (7th Cir. 2006); *McCann v. Neilsen*, 466 F.3d 619, 620-21 (7th Cir. 2006). Because Plaintiff's criminal matter is currently pending, *Heck* does not apply.

However, the Supreme Court in *Heck* states in dicta: "[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, . . . abstention may be an appropriate response to the parallel state-court proceedings." *Id.* at 487 n.8. Additionally, elaborating on *Heck*, the Supreme Court has stated:

> If a plaintiff files a [civil] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *See [Heck]*, at 487–488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings") . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Defendants cite to *Wallace* in support of their request for a stay. Defendants' Motion at 2, Dkt. 27.

Other courts in this district and, more broadly, the Seventh Circuit, have determined that, for situations in which a criminal case is pending, granting a stay in the related civil case is justified under the abstention doctrine in *Younger v. Harris,* 401 U.S. 37 (1971). *See, e.g.*, *Robinson v. Lother*, No. 04 C 2382, 2004 WL 2032120 (N.D. Ill. Sept. 1, 2004); *Jones v. Mooney*, No. 17-CV-337-JPG, 2017 WL 2265827 (S.D. Ill. May 24, 2017); *Ford v. Sessoms*, No. 1:14-CV-320-PPS-SLC, 2015 WL 2369405 (N.D. Ind. May 18, 2015). This Court agrees that *Younger* abstention is the correct analysis for this motion to stay.

According to *Younger*, a federal court must abstain from enjoining pending state criminal proceedings absent extraordinary circumstances. *Younger*, 401 U.S. at 41. *Younger* abstention also applies to federal claims for damages, where the federal claims "are potentially subject to adjudication" in the state criminal proceeding and thus could "interfere" with the state criminal proceeding. *Simpson v. Rowan,* 73 F.3d 134, 137-39 (7th Cir. 1996). Federal courts must abstain

from interference in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). The "extraordinary" circumstances are limited and apply only where the state proceeding is being conducted in bad faith or to harass; there is an extraordinarily pressing need for equitable relief; or the challenged provision patently violates express constitutional prohibitions. *Robinson,* 2004 WL 2032120, at *2 (internal quotation marks and citations omitted). Although the *Younger* doctrine typically calls for dismissal of the federal action, a federal court will stay rather than dismiss the federal action where the plaintiff in the federal action seeks damages which are not available in the pending state proceeding. *See Simpson,* 73 F.3d at 139; *McGladery v. Callum,* No. 97 C 2201, 1998 WL 89298, at *4-5 (N.D. Ill. Feb.19, 1998); *Mitts v. Marszewski,* No. 97 C 2029, 1998 WL 26151, at *2 (N.D. Ill. Jan 14, 1998).

In addition to an argument based on *Heck*, Defendants also argue that the Court should grant a stay of discovery based on the 6-factor test found in *Cruz v. Cty. of DuPage,* No. 96 C 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997). Defendants' Motion at 3-4, Dkt. 27. Plaintiff also argues his position with reference to the 6-factor test. Plaintiff's Response at 2-4, Dkt. 31. The parties appropriately reference this test because, in addition to the ability to stay discovery based on the *Younger* abstention doctrine, "[t]he court has the inherent power to stay civil proceedings [or] postpone civil discovery . . . when the interests of justice so dictate." *Horton v. Pobjecky,* No. 12 c 7784, 2013 WL 791332, at *3 (N.D. Ill. Mar. 4, 2013) (quoting *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005)). More specifically, "proceedings in a civil case may be stayed to prevent them from interfering with a related criminal case." *Doe v. Cty. of Milwaukee,* No. 14–c–200, 2014 WL 3728078, at *5 (E.D. Wis. July 29, 2014) (collecting cases). In determining whether to stay civil proceedings because of a pending criminal action, a court may consider: (1) whether the two actions involve the same subject matter, (2) whether the government is a party in both actions, (3) the posture of the criminal proceeding, (4) the public interests at stake, (5) the plaintiff's interests and possible prejudice to the plaintiff, and (6) the burden that any particular aspect of the proceedings may impose on the defendants. *Horton,* 2013 WL 791332, at *3 (quoting *City of Chicago,* 360 F. Supp. 2d at 881).

The Court will proceed to conduct the foregoing analysis for each of the federal civil claims in this case.

### A. Plaintiff's Seizure Claim

Neither Plaintiff nor Defendants address the seizure component of the civil action in their arguments concerning the appropriateness of a stay. Plaintiff's complaint alleges that Defendant Parker, while executing a traffic stop on a vehicle in which Plaintiff was a passenger, allegedly located a grinder and cannabis in the back seat of the vehicle. Plaintiff's Complaint at 2, Dkt. 1. Plaintiff also states that, after advising Plaintiff that he was under arrest, Defendant Parker "subsequently subjected him to a seizure . . . without lawful justification." *Id.*

In order to make a successful claim of seizure, Plaintiff must prove that Defendant Parker seized him without a "reasonable, articulable suspicion that criminal activity [was] afoot." *Huff v. Reichert*, 744 F.3d 999, 1004 (7th Cir. 2014) (citations omitted). Given that Plaintiff, as noted above, is charged with possession of drug paraphernalia, he would have to argue that Defendant Parker had no probable cause to believe Plaintiff possessed the drug paraphernalia, making the seizure unconstitutional. In other words, the Court would be making a determination on a constitutional issue that is highly likely to be litigated during the course of his criminal case. Were Plaintiff to prevail on this federal civil claim before the conclusion of his state criminal proceedings, the federal judgment could undermine the state court's consideration of Plaintiff's constitutional arguments relating to his criminal charges. *See Simpson*, 73 F.3d at 138. If the Court allowed Plaintiff to proceed with his seizure claim, the Court would be "[inserting] itself into the ongoing state court criminal case," which is improper so long as the state criminal proceeding is pending. *Jones v. Mooney*, No. 17-CV-337-JPG, 2017 WL 2265827, *3 (S.D. Ill. May 24, 2017).

The Seventh Circuit, applying the *Younger* doctrine, has stated that a plaintiff's claim for damages arising from an allegedly illegal seizure cannot proceed in federal court while the criminal case in which those claims arose was still ongoing. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). Applying the *Younger* factors to Plaintiff's seizure claim here leads to the same conclusion. First, the state criminal proceedings are judicial in nature, with Plaintiff's criminal trial set for October 2020. Second, the state proceeding implicates the important state interest of adjudicating violations of state criminal laws, as well as any constitutional violations that may arise. Third, there is no indication that Plaintiff will not have an adequate opportunity to review any federal constitutional claims, including unconstitutional seizure, in his state proceeding. Finally, no extraordinary circumstances are apparent.

When a federal court is faced with a situation in which the federal litigation could undermine the ongoing state proceeding, the appropriate action by the court is granting a stay. *See Simpson,* 73 F.3d at 139. Accordingly, the circumstances surrounding Plaintiff's seizure claim warrant a stay until the conclusion of the state criminal proceedings.

**B. Plaintiff's Excessive Force Claim**

Plaintiff's complaint alleges that Defendant Parker employed "excessive, unnecessary, unreasonable force" in that he smashed Plaintiff's head into the side of the patrol vehicle, drug Plaintiff to the rear of the vehicle, instructed a police dog to bite Plaintiff repeatedly, and forced Plaintiff to the ground. Plaintiff's Complaint at 2, Dkt. 1.

In evaluating the appropriateness of a stay with respect to Plaintiff's claim, it is relevant to look to the elements of the excessive force claim and resisting arrest charges. In order to prevail on a claim of excessive force, a plaintiff must prove the following elements by a preponderance of the evidence:

1. That the officer intentionally used force;
2. That the force the officer used exceeded the degree of force that a reasonable officer would have used under the circumstances; and
3. That, as a direct result of the officer's force, the [plaintiff] suffered some harm.

4

> The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, without the benefit of 20/20 hindsight. This reasonableness inquiry is an objective one: the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.

*Robinson v. Lother*, No. 04 C 2382, 2004 WL 2032120 (N.D. Ill. Sept. 1, 2004) (quoting Judge Kennelly's Jury Instructions, 01/11/02, *Stassen v. Village of Arlington Heights,* at 16).

Under Illinois law, "A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer, firefighter, or correctional institution employee of any authorized act within his or her official capacity commits a Class A misdemeanor." 720 ILCS 5/31-1. Furthermore, Illinois law recognizes that a criminal defendant may defeat a charge of resisting a police officer where the accused invokes the right of self-defense and the evidence shows that the police officer used excessive force. *See People v. Williams*, 640 N.E.2d 981, 985 (2d Dist. 1994).

Plaintiff's excessive force claim may raise constitutional matters that will be at issue in his criminal case. If his federal civil case were to proceed, any rulings with respect to the excessive force claim may interfere with the state criminal proceeding. Turning to the four *Younger* factors, first, the state criminal proceedings are judicial in nature. As noted above, Plaintiff's criminal charges remain pending with a trial date set for just a couple of months out. Second, the state proceeding implicates the important state interests of adjudicating state criminal law violations and the behavior of police officers. *See Trevino v. Drew Tittle*, No. 1:09-CV-248RM, 2009 WL 3153754, \*4 (N.D. Ind. Sept. 22, 2009). Third, Plaintiff will have an opportunity in his state criminal proceeding to present the question of whether Defendant Parker employed excessive force. *See Robinson,* 2004 WL 2032120, at \*6. As to the fourth requirement, there are no extraordinary circumstances which would make abstention inappropriate. Based on the *Younger* analysis, the Court finds a stay is warranted.

Plaintiff argues that the criminal charge of resisting arrest, which involves the allegation that he pulled away from Defendant Parker, is distinct from his civil claim of excessive force, which involves "Officer Parker swinging the plaintiff off of his feet, slamming him face-first into the fender of the squad car, dragging him to the rear of the car, and releasing the police dog to bite the plaintiff repeatedly." Plaintiff's Response at 1-2, Dkt. 31. The Court disagrees because of the extent to which the resisting arrest charges and excessive force claim are interconnected in this case. The Court also finds it would be dangerous for the Court to decide to move forward with the civil case based on Plaintiff's speculation that his criminal charges and civil claims would not interfere with each other. Furthermore, regardless of the *Younger* doctrine, this Court may still choose to exercise its authority to order a stay based on the 6-factor test found in *Horton*.

### 1. Overlap of actions

An overlap of issues tends to support a stay in the civil proceedings. *United States v. All Meat & Poultry Prod.*, No. 02 C 5145, 2003 WL 22284318, \*3 (N.D. Ill. Oct. 3, 2003). Here, the civil and criminal actions involve the same subject matter and factual circumstances. Plaintiff

5

concedes that the subject matter is largely identical but argues that the conduct involved in the criminal charges are distinct from the conduct involved in the civil proceeding. Plaintiff's Response at 1-2, Dkt. 31. As set forth above, the Court is unpersuaded by Plaintiff's argument because the issues in both the civil and criminal complaints arise out of the same incident and set of facts. Accordingly, this factor weighs in favor of a stay.

### 2. Governmental involvement

If the Government is involved in both the civil and criminal proceedings, "there is a danger that the government may use civil discovery to obtain evidence and information for use in its criminal prosecution, and by doing so, circumvent the Fifth Amendment rights against self-incrimination." *Cruz*, 1997 WL 370194, at *3. This concern is not present in this case because, while the City of Belvidere is a party in this civil proceeding, the state of Illinois is not. *See Salcedo v. City of Chicago*, No. 09-CV-05354, 2010 WL 2721864, at *2 (N.D. Ill. July 8, 2010) (distinguishing the city of Chicago from the state of Illinois.). As such, the Court finds the lack of governmental involvement in both proceedings weighs against a stay.

### 3. Posture of the criminal proceeding

If the posture of the criminal proceeding could cause the civil discovery rules to be "subverted into a device for improperly obtaining discovery in the criminal proceeding," or otherwise compromise the case, the posture weighs in favor of a stay. *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962). *See also Salcedo*, 2010 WL 2721864, at *8; *United States v. Michelle's Lounge*, No. 91 C 5783, 1992 WL 194652, at *5 (N.D. Ill. Aug. 6, 1992). The date for Plaintiff's criminal trial has been set for October 21, 2020. Although there is not a trial date set for this civil case, were discovery to proceed, there would likely be an overlap in the discovery process. Therefore, there is a possibility that the civil discovery rules could be used to improperly benefit the criminal case, making the posture of the criminal proceeding weigh in favor of a stay.

### 4. Public interest

Plaintiff argues that the public has a significant interest in obtaining an "expeditious determination regarding the force employed" during his interaction with Defendant Parker due to the national and local conversations surrounding similar issues. Plaintiff's Response at 3, Dkt. 31. Defendants, on the other hand, argue that "there is no pressing issue of public concern" requiring an expedited resolution of the claim that Defendant Parker acted unreasonably during his interaction with Plaintiff. Defendants' Reply at 3, Dkt 34. The public has an important interest in "the prompt disposition of civil litigation," but it also has a strong interest in ensuring "that the criminal process can proceed untainted by civil litigation." *Ford v. Sessoms*, No. 1:14-CV-320-PPS-SLC, 2015 WL 2369405, *3 (N.D. Ind. May 18, 2015) (citations omitted). Since the public has an interest in both cases, this factor weights neither for nor against a stay.

### 5. Interests of Plaintiff

A plaintiff has a significant interest in having his case resolved and obtaining compensation if he proves he is entitled to it. *See Chagolla v. City of Chicago,* 529 F. Supp. 2d 941, 947 (N.D.

Ill. 2008). Plaintiff's trial is currently scheduled to proceed in about two months. While Plaintiff's concern about the uncertainty of scheduling in the midst of the current pandemic is not without merit, the civil case could be similarly affected regardless of the Court's decision to grant or deny the stay. Further, this does not appear to be prejudicial to Plaintiff's ability to effectively prepare his case. Granting a stay would not harm Plaintiff's interest in such a way that is overly prejudicial to him or his civil case.

   *6. Burden on Defendants*

   Defendants argue that, if the stay were denied, Plaintiff would likely assert his Fifth Amendment privilege against self-incrimination to avoid providing any answers that could be used against him in his criminal trial. Defendants' Motion at 2, Dkt. 27. Defendants assert that this would result in bifurcated discovery, entitling Plaintiff to all discovery from Defendants while delaying his own production of discovery. *Id.* at 3. Plaintiff argues that Defendants fail to identify any concrete burden, and counter that allowing discovery to proceed would permit the scheduling of Plaintiff's deposition and civil trial as soon as the criminal case concludes. Plaintiff's Response at 3, Dkt. 31. Courts in this district have found that the burden on the defendants weighed in favor of granting a motion to stay if denying the stay would "confound" the defendants' discovery efforts in defense of their civil action. *See United States v. All Meat & Poultry Prod.*, No. 02 C 5145, 2003 WL 22284318, *4 (N.D. Ill. Oct. 3, 2003); *Bruner Corp v. Balogh*, 819 F. Supp. 811, 816 (E.D. Wis. 1993); *Glover v. Upmann*, No. 19 CV 03738, 2020 WL 1433801, *3 (N.D. Ill. Mar. 24, 2020). Should Plaintiff choose to invoke his Fifth Amendment right against self-incrimination, this would sufficiently confound Defendants' discovery efforts or prevent them from conducting meaningful discovery. Thus, this factor weighs in favor of a stay.

   After reviewing all of the factors, the Court finds that they warrant a stay.

### III. CONCLUSION

   The Court finds that Plaintiff's civil claims warrant a stay pursuant to the abstention doctrine under *Younger*, as well as the Court's inherent power to stay civil proceedings. Accordingly, Defendants' motion to stay discovery is granted.

Date: August 18, 2020        By: _____
                                 Lisa A. Jensen
                                 United States Magistrate Judge